IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHELDON SMITH,

    Plaintiff,

vs.

DET. CRAIG POLSTON,

    Defendant

Case No. 3:11-cv-67

JUDGE WALTER HERBERT RICE

DECISION AND ENTRY OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S PROPOSED FINDINGS AND RECOMMENDATIONS/ AND MOTION TO STRIKE DEFENDANT'S REPLY (DOCS. ##45 AND 46); ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS IN THEIR ENTIRETY (DOC. #41); SUSTAINING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. #26); OVERRULING AS MOOT PLAINTIFF'S MOTION FOR ORDER OF TRIAL PREPARATION MATERIALS (DOC. #30), PLAINTIFF'S MOTION FOR ORDER COMPELLING DISCOVERY (DOC. #31), PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENA (DOC. #35), PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER (DOC. #36), PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (DOC. #37), PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. #38), PLAINTIFF'S SECOND MOTION TO COMPEL (DOC. #44), AND PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S REPLY MEMORANDUM (DOC. #46); DENYING PLAINTIFF'S ANTICIPATED MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS*; JUDGMENT TO ENTER IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFF; TERMINATION ENTRY

Based on the reasoning and citations of authority set forth in the Report and Recommendations of the United States Magistrate Judge, filed April 6, 2012 (Doc. #41), as well as upon a thorough *de novo* review of this Court's file and the applicable law, said judicial filing is adopted in its entirety. Plaintiff's objections to that judicial filing

(Doc. #45) are overruled. Defendant's motion for judgment on the pleadings (Doc. #26) is sustained, and this action is dismissed with prejudice. Judgment will be entered accordingly in favor of Defendant and against Plaintiff.

In so ruling, the Court makes the following, non-exclusive observations:

1. Pursuant to the Court's General Order of Assignment and Reference, the Magistrate Judge has authority to issue a Report and Recommendations on all motions for judgment on the pleadings and on motions for summary judgment in cases in which the plaintiff is proceeding *pro se*.

2. The Magistrate Judge did not err in considering the Court of Appeals' opinion in *State v. Smith*, 2012-Ohio-113 (Ohio Ct. App. Jan. 13, 2012). Matters of public record may be taken into account in ruling on a motion to dismiss or a motion for judgment on the pleadings. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

3. In concluding that Plaintiff's claim was barred by the doctrine of collateral estoppel, the Magistrate Judge did not, as Plaintiff alleges, raise this issue *sua sponte*. In his motion for judgment on the pleadings, Defendant argued that Plaintiff's claim was barred by the doctrine of *res judicata*. As the Sixth Circuit explained in *Tipler v. E.I. duPont deNemours Co.*, 443 F.2d 125, 128 (6th Cir. 1971), these two doctrines are often confused, but they lead to the same result – parties to subsequent litigation are bound by the previous judgment. *Res judicata* bars the relitigation of a particular

2

claim or cause of action. Collateral estoppel bars the relitigation of a particular issue. *Id.*

4. The Magistrate Judge correctly determined that Plaintiff's claim was barred by the doctrine of collateral estoppel because Plaintiff already litigated the same issues presented in this case in the context of the motion for post-conviction relief in state court.

5. The fact that the Court of Appeals affirmed the trial court's denial of the motion for post-conviction relief on an alternative ground does not mean that Plaintiff did not have a full and fair opportunity to litigate his claim.

6. In essence, the Magistrate Judge agreed with the decision of the Second District of Ohio Court of Appeals that the identity of Confidential Source No. 3 was immaterial, given that all references to information from Confidential Source No. 3, set forth in the Affidavit upon which the search warrant in question was granted, were corroborated by other means, as set forth in said Affidavit, and that said information did not come to the affiant out of the ether.

Plaintiff has moved to strike Defendant's reply, filed in support of the motion for judgment on the pleadings, for "insufficient process." Doc. #46. The reply brief was filed on February 6, 2012. Although the Certificate of Service said that a copy was mailed to Plaintiff on that date, it was not mailed until May 4, 2012, a week after Plaintiff filed his motion to strike. As Defendant notes, however, a copy was mailed as soon as

3

the error was discovered, and Plaintiff suffered no prejudice. Plaintiff's motion to strike, Doc. #46, is therefore overruled.

Having overruled Plaintiff's objections (Doc. #45), adopted the Magistrate Judge's Report and Recommendations (Doc. #41), and sustained Defendant's motion for judgment on the pleadings (Doc. #26), the following motions are overruled as moot:

1. Plaintiff's motion for order of trial preparation materials (Doc. #30);
2. Plaintiff's motion for order compelling defendant to produce discovery of trial preparation materials (Doc. #31);
3. Plaintiff's motion for issuance of subpoena (Doc. #35);
4. Plaintiff's objections to Magistrate Judge's order re: request for deposition (Doc. #36);
5. Plaintiff's motion for appointment of counsel (Doc. #37);
6. Plaintiff's motion for summary judgment (Doc. #38); and
7. Plaintiff's second motion to compel discovery or, in the alternative, motion for sanctions (Doc. #44).

Pursuant to 28 U.S.C. § 1915(a)(3), the Court finds that any appeal of this Order would not be taken in good faith and would be objectively frivolous. Plaintiff's anticipated motion for leave to appeal *in forma pauperis* is therefore denied.

Judgment is ordered entered in favor of Defendant and against Plaintiff herein.

This case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: August 22, 2012

WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE

Copies to: Sheldon Smith, Plaintiff
Christopher Herman, Counsel for Defendant